UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALSHAFI TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-47 |
| | ) | |
| EXECUTIVE MANAGEMENT SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

This case involves two claims by Plaintiff Alshafi Tate. First, the Plaintiff claimed he was discriminated against because of his sex by being sexually harassed. Second, the Plaintiff claims the Defendant, Executive Management Services, Inc. ("EMS") retaliated against him for opposing this unlawful practice.

This matter is before the Court on the Defendant's Motion for Judgment as a Matter of Law, made on September 27, 2006, during the second day of the jury trial in this case. The Motion was filed with the Court on September 28, 2006. The motion sought the dismissal of both claims and the denial of the Plaintiff's request for punitive damages. The Court granted the Defendant's motion to dismiss the Plaintiff's request for punitive damages and deferred ruling on the sufficiency of the Plaintiff's claims until after the jury returned with its verdict. The jury returned its verdict on September 28, 2006, and determined that the Plaintiff failed to prove his sexual harassment claim. However, the jury found the Defendant liable for retaliation. The jury awarded the Plaintiff no compensatory damages. The only issue remaining for the Court to determine is whether to grant the Defendant's motion for directed verdict on the Plaintiff's

retaliation claim. For the reasons stated below, the Court denies the Defendant's motion.

**A.      Standard for Rule 50 Motions**

A judgment as a matter of law is granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Fed. R. Civ. P. 50(a). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 149 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.      Factual and Procedural Background**

The Plaintiff filed for summary judgment on December 21, 2005. The Court in its May 12, 2006, Opinion, denied the motion for summary judgment. The relevant facts presented in the motion for summary judgment differ little from what was presented at trial.

2

At trial, the Plaintiff testified that he had consented to a sexual relationship with his supervisor, Dawn Burban. After he attempted to end the relationship, Burban gave him an ultimatum: he would have to choose between his wife and his job. He took this to mean that if he ended the sexual relationship with Burban, he would lose his job. When she confronted him and asked for his answer, he told Burban he "wasn't messin' with her anymore." Burban responded by cursing and yelling at the Plaintiff, telling him to leave the building and that he would lose his job.

Burban called her supervisors and told them the Plaintiff was insubordinate because he refused a work assignment. Burban filled out the termination form for the Plaintiff, and the Plaintiff received a call the next day that he was terminated from his position. The Defendant's purported decision maker testified at trial that she took Burban's statements into account when deciding whether to terminate the Plaintiff.

**C.     Analysis**

The Defendant argues that the Plaintiff's retaliation claim fails because the Defendant was never aware of Burban's conduct toward the Plaintiff and that the Plaintiff never opposed an unlawful employment practice.

**1.     Whether the Defendant had Knowledge Sufficient to Justify Employer Liability**

The Defendant argues it had no knowledge of the Plaintiff's alleged opposition to an unlawful employment practice, and so it cannot be liable. The same argument was presented by the Defendant in *Byrd v. Illinois Department of Public Health*, 423 F.3d 696 (7th Cir. 2005). In

3

that case, the plaintiff, Lester Byrd, claimed that he had been discriminated and retaliated against. Byrd presented evidence that a non-supervisory employee with whom he worked was biased against African-Americans and provided information to Byrd's supervisors about his misconduct at work. Byrd reported incidents involving the non-supervisory employee to the defendant's equal employment officer, and eventually filed a claim. The information provided by the biased non-decisionmaker led to poor reviews of Byrd's work, lower salary, and a suspension. The case went to trial and the jury found that the defendant had retaliated against Byrd. The defendant argued that it should not be liable because it had no knowledge of the non-decisionmaker's illegal bias and objected to the "cat's paw" instruction that was given to the jury. The court held that the defendant could be liable for retaliation because the non-decisionmaker was involved in the review process of Byrd, and his bias could have caused the adverse employment decisions. *Id.* at 708. The court explained that an employer could be liable for the retaliatory motive of one who provided information that the decision maker relied on to make the adverse employment decision. *Id.* at 711–12 ("[I]f the Department would not have disciplined Byrd but for [the non-supervisory employee's] recommendations, recommendations that a jury could reasonably find were motivated by an illegal motive, then [the non-supervisory employee's] bias was a cause of Byrd's injury whether or not [the decision-maker] could reasonably be thought a mere cat's paw.")

In this case, it is uncontested that Dawn Burban, who the Plaintiff claims was his supervisor, reported to her superiors that there was an incident with the Plaintiff and filled out the termination form. The Defendant's decision maker stated at trial that one of its reasons for terminating the Defendant was the altercation as reported by Burban. If the jury believed that

4

Burban was motivated by a retaliatory animus in supplying the information to the Defendant, and the Defendant's decision maker relied on that information in deciding to terminate the Plaintiff, it could have reasonably found the Defendant liable for the non-decision maker's retaliatory motive. The Defendant does not address or attempt to explain why it cannot be liable under a cat's paw theory, as stated in *Byrd*.

**2.     Whether the Plaintiff Opposed an Unlawful Employment Practice**

The Defendant argues the Plaintiff did not oppose an unlawful employment practice, and so, the Plaintiff's retaliation claim must be dismissed. The Plaintiff made this argument in its motion for summary judgment, and the Court declines to alter its judgment.

Title 42 U.S.C. § 2000e-3 states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."§ 2000e-3(a). At issue is whether the Plaintiff "opposed any practice made an unlawful employment practice."

When the Court addressed this issue in its May 12, 2006, Opinion, the Court held that, viewing the evidence in a light most favorable to the Plaintiff, the Plaintiff's statements declining to continue the sexual relationship with Burban in response to her ultimatum were in opposition to an unlawful employment practice and were protected. (May 12, 2006, Opinion 9, DE 55.) Therefore, there was a material issue of fact as to whether the Plaintiff opposed an unlawful employment practice.

5

The Court relied upon *Roberts v. County of Cook*, 2004 WL 1088230 (N.D. Ill., May 7, 2004) in holding that the Plaintiff's statements constituted opposition to an unlawful employment practice. (May 12, 2006, Opinion 8, DE 55.) The *Roberts* court held that "refusing sexual advances is protected activity under Title VII." *Roberts*, at *5. This is because Title VII makes it unlawful for an employer to discriminate against any of his employees because he has opposed an unlawful employment practice, and sexual harassment is an unlawful employment practice. Therefore, "[o]pposing sexually harassing behavior constitutes 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and accordingly it is activity protected by § 2000e-3(a)." *Id.* at 5. The Court's May 12 Opinion relied on *Roberts* and found that there was at least a material issue of fact as to whether the Plaintiff opposed unlawful conduct. The evidence presented at trial is the same as what was considered at summary judgment and the Court sees no reason to alter its ruling.

For the reasons stated, the Defendant's motion for directed verdict [DE 78] is DENIED.

SO ORDERED on October 12, 2006.

    s/Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT