# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ALSHAFI TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:05-CV-47-TS |
| | ) |
| EXECUTIVE MANAGEMENT SERVICES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Two motions remain pending in this matter. First, the Plaintiff filed a supplemental petition for attorney's fees and costs. Regarding the Plaintiff's supplemental petition for attorney's fees, the request is reasonable and consistent with this Court's previous Opinion granting the Plaintiff attorney's fees, and so the Plaintiff's request is granted. The judgment is amended so that the award for attorney's fee is $64,257.50, and costs are $871.89.

The other matter is the Defendant's motion to stay enforcement of the judgment pending appeal. The Defendant argues that if it is required to immediately satisfy the judgment against it, and it succeeds on its appeal, it may have difficulty recovering the funds. It offers to submit an Irrevocable Letter of Credit to the Court or other security in the amount of $70,000.

Federal Rule of Civil Procedure 62(d) states:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d). In other words, the rule states that the appellant may obtain a stay if it is

consistent with Rule 62(a) and "by giving a supersedeas bond." *Id.* The Seventh Circuit has said that "a letter of credit may serve as the equivalent of a supersedeas bond." *Ligurotis v. Whyte*, 951 F.2d 818, 821 (7th Cir. 1992). The Seventh Circuit has also held that a supersedeas bond is not always necessary to stay the judgment pending appeal: "The rule requires him to post a bond if he wants an automatic stay, but not if he is content to throw himself on the district judge's discretion. . . . [I]f the district judge is satisfied that the expenditure is unnecessary to protect the appellee, he does not have to insist that it be spent." *N. Ind. Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986).

A telephone conference is set for Friday, July 20, 2007, at 10:30 AM before Judge Theresa L. Springmann to discuss whether a bond is necessary, and if so, the amount and form. If the parties are able to stipulate to whether a bond is necessary and its form and amount, they may file such stipulation with the Court prior to the conference.

## ORDER

The judgment in this matter is amended so that the award for attorney's fees is $64,257.50, and costs are $871.89. A telephone conference is set for Friday, July 20, 2007, at 10:30 AM before Judge Theresa L. Springmann. The Court will initiate the call.

SO ORDERED on July 16, 2007.

       /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DISTRICT